IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UMITKO LEE, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 3409 |
| | ) | |
| v. | ) | JUDGE DOW |
| | ) | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | Magistrate Judge Valdez |
| JOHN VALKNER, Star 20111, | ) | |
| JIM GILGER, Star 21151, and | ) | |
| NICK SPANOS, Star 21020, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS THE MATTER WITHOUT
PREJUDICE OR, IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS**

Defendants, City of Chicago, Detective John Valkner, Detective James Gilger, and Detective Nicholas Spanos, (referred to herein as "Defendants"), by their attorneys, Julia S. Bruce and Anne K. Preston, Assistants Corporation Counsel, respectfully request that this Court stay the proceedings in this case until the completion of the underlying criminal case from which this lawsuit arises. In support of this motion, Defendants state as follows:

**INTRODUCTION**

Plaintiff filed her complaint on June 5, 2009 in which she has brought claims against Defendants under section 1983 for unreasonable seizure, false arrest/imprisonment, and illegal interrogation. *See Dkt. # 1.* This lawsuit arises out of the investigation into the murder of Henry Marshall ("Marshall") that occurred on August 13, 2006, and the subsequent arrest and prosecution of Donald Price ("Price") for that murder. Price was arrested on or about June 12, 2007 after Plaintiff told Defendants that she observed Price shoot Marshall on August 13, 2006. Since the date that Price was charged with Marshall's murder, Plaintiff has since recanted and

1

now claims that she was coerced into telling Defendants that Price committed the murder. *See Dkt. # 1.* The criminal case against Price is currently pending in the Circuit Court of Cook County under Case Number 07 CR 1427701.

## STANDARD OF REVIEW

A district court possesses substantial discretion to control its docket, which includes the power to issue a stay of all proceedings, depending on the particular facts of the case. *Hollinger Intern., Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, *1 (N.D.Ill. January 16, 2008)(citing *Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 902 (7th Cir. 1987)).

When deciding whether to grant a stay, the court is to consider several factors: (1) the posture of the criminal proceeding; (2) whether the civil and criminal matters involve the same subject matter; (3) whether the government entity that has initiated the criminal investigation is also a party in the civil case; (4) the burden the civil case will have on the defendants if a stay is denied and the effect of granting or denying the stay on the public interest; (5) the interest of the civil case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff will suffer from delay. *Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194 (N.D.Ill. June 27, 1997)(citing *Nowaczyk v. Matingas*, 164 F.R.D. 169, 174 (N.D.Ill. 1993)).

## ARGUMENT

A. **A STAY OF THESE PROCEEDINGS IS WARRANTED IN THIS MATTER BECAUSE THE RELEVANT FACTORS WEIGH IN ITS FAVOR.**

1. **The Posture of the Criminal Proceeding**

Although Plaintiff is not the defendant in the underlying criminal case, a stay is still warranted in this case because the claims brought by Plaintiff directly relate to the investigation and subsequent arrest of Price in the underlying criminal matter. In Plaintiff's complaint, she alleges that she was falsely arrested and held against her will for approximately 78 hours by

Defendants. *See Dkt. # 1.* At the time of this investigation, Plaintiff was Price's girlfriend and Plaintiff and Price had at least one child together at that time. Plaintiff claims that not only was she held against her will but was also threatened by Defendants that she would be charged with the murder of Marshall and that both her and Price would be incarcerated for a long time away from their children if she did not implicate Price for the murder. *See Dkt. # 1.* Plaintiff's entire complaint relates to the murder investigation and her involvement in that investigation.

Moreover, Price was charged with the murder in large part based on Plaintiff's statement identifying Price as the offender. The circumstances surrounding the investigation and her statements to Defendants is an integral part of the underlying criminal case. Additionally, Price made certain admissions to his involvement in the murder based on conversations he had with Plaintiff during the time she was allegedly being held against her will. Price's testimony will also be highly relevant to Plaintiff's claims in this case. As a matter of equity, this action should not proceed until the criminal proceeding is concluded. If is unfair for Defendants because any reasonable attempts to proceed with discovery and take Price's deposition, would be thwarted by Price's invocation of his Fifth Amendment privilege against self-incrimination. Based on all the foregoing reasons, a stay is warranted until the criminal matter is resolved.

2. **The Civil Matter Involves the Same Subject Matter.**

The civil lawsuit unequivocally involves the same subject matter as the criminal investigation and criminal prosecution. The investigation into the murder of Marshall and the arrest and prosecution of Price for that murder directly gave rise to this litigation. Each of the one hundred and thirty-three (133) factual allegations in Plaintiff's complaint relate to the murder investigation, as does each of the counts against Defendants. All parties – both Plaintiff

and Defendants – were involved in the investigation and as stated above, Price was arrested based on Plaintiff's statement identifying him as the offender. Accordingly, a stay is warranted.

        3.      **The City of Chicago and its Peace Officers instigated the criminal investigation and are also parties to this lawsuit.**

The City of Chicago through its police department initiated the criminal investigation at issue. As indicated above, Chicago Police Detectives Valkner, Gilger and Spanos were all instrumentally involved in this investigation. The City and these detectives are defendants in this matter. This factor favors a stay of these proceedings.

4.        4.      **Denial of a stay will impose a serious burden on the defendants and harm the public interest.**

This particular factor is critical in this analysis. Courts have the discretion "to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem to require such action.'" *Cruz* at *1 (internal citations omitted). Furthermore, "there is a clear cut distinction between private interests in civil litigation and the public interest in a criminal prosecution." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Circ. 1962). This distinction "requires a government policy determination of priority: which case should be tried first" and the priority is the public interest in law enforcement. *Id.* While the public has an interest in the prompt disposition of civil litigation, which can be impaired by a stay, the public also has an "interest in ensuring that the criminal process can proceed untainted by civil litigation." See Hare v. Custable, No. 07 CV 3742, 2008 WL 1995062, at *2 (N.D. Ill. May 6, 2008) (J. Dow) (granting motion to stay) *citing Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003). Because the criminal case against Price is currently pending, and because Plaintiff is a witness and will be called to testify in the criminal case, allowing Plaintiff to conduct discovery that a witness to a criminal case would normally not be entitled to would

most definitely be against the public interest. Allowing Plaintiff access to documents and reports that relate to the investigation and which include statements by Price, by other witnesses, and by Defendants themselves, could seriously impugn the criminal prosecution of Price. Additionally, it is unfair to the People of the State of Illinois who are prosecuting the criminal action, because the Defendants herein are the police officers who conducted the criminal investigation upon which this lawsuit is based. Sworn statements from the police officers which will to be obtained during discovery in the instant case that are otherwise unavailable in a criminal case would be tactically unfair to the prosecution.

The Supreme Court and the Seventh Circuit have held, as a rule, that a trial court should not permit a party in a criminal case to use liberal civil discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules. *See, e.g., Degen v. United States*, 517 U.S. 820, 825 (1996) (finding that a court can exercise its discretion to manage civil litigation to avoid interference with a criminal case); *In re Film Recovery Sys., Inc.*, 804 F.2d 386, 389 (7th Cir. 1986) (a trial court should take caution where a collateral litigant initiates a civil suit in order that he might circumvent the limitations on discovery imposed in criminal proceedings).

Generally, criminal defendants are entitled to very limited discovery. *Degen*, 517 U.S. at 825. These rules are even narrower with regards to witnesses to a criminal case, who are not entitled to any discovery and usually subject to a motion to exclude during a criminal trial so their testimony is not tainted. In a civil case, by contrast, a party is entitled to broad discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Because the civil case and the criminal investigation involve individuals who are Plaintiff and Defendants, as well as overlapping issues and facts, the wide-

5

ranging discovery involved in the continued litigation of this case will interfere with the prosecution of the murder case. Allowing civil discovery to proceed will infringe on the public's interest in the criminal prosecution. This should not be permitted.

The convenience of the Court in the management of its cases, and the efficient use of judicial resources, also favor a stay. Should this case proceed, a significant number of discovery disputes will arise which will require this Court's time and intervention. A stay would eliminate regular appearances before this court over discovery disputes that are sure to arise. The civil proceedings have just begun and no discovery has taken place. Most importantly, a stay of these civil proceedings will allow the criminal case to resolve the critical issue of Plaintiff's involvement in the investigation. This court's time and resources can be best conserved if a stay is issued.

**5. There will be no prejudice to Plaintiff if this matter is stayed and the interests of Plaintiff in proceeding expeditiously is limited as no harm will result.**

Plaintiff will suffer no prejudice from a stay. There is no risk that Plaintiff will be deprived of discovery or evidence if a stay is issued. In fact, Defendants would agree to an order preserving any and all evidence to ensure that all evidence in the criminal investigation is preserved and maintained.

Should this case not be stayed, a criminal investigation concurrent with a parallel civil proceeding risks negatively affecting the criminal prosecution of Price for the murder of a private citizen. The special circumstances of this case, including the import of the pending criminal investigation, and the need to avoid substantial and irreparable prejudice to Defendants and the public, favor a stay of these civil proceedings. This conclusion arises from the absence of any identifiable harm that could come to Plaintiff if this matter were to be stayed.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Defendants respectfully request this Court to grant their motion to stay the proceedings, and further order any additional relief it deems appropriate and just.

Respectfully Submitted,

/s/ Julia S. Bruce
Julia S. Bruce
Assistant Corporation Counsel
30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
(312) 744-0451
Attorney Number: 06273493


/s/ Anne K. Preston
Anne K. Preston
Assistant Corporation Counsel
30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
(312) 742-4045
Attorney Number: 6287125

**CERTIFICATE OF SERVICE**

    I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF MOTION** and **DEFENDANTS' MOTION TO DISMISS THE MATTER WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS**, to be sent via e-filing to the persons named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on July 10, 2009, in accordance with the rules on electronic filing of documents.

                                                    /s/ Anne K. Preston
                                                    ANNE K. PRESTON
                                                    Assistant Corporation Counsel